IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN GIORDANO**, <br><br> *Plaintiff,* <br> v. <br><br> **DEAN HEDEKER, et al.**, <br><br> *Defendants.* | **Case No. 2:24-cv-06430-JDW** |

**MEMORANDUM**

It should go without saying, but unfortunately it doesn't: lawyers should treat each other professionally and show basic levels of human decency to one another. Even though litigation is adversarial, lawyers have to work together. Sometimes, that creates a tension that can be hard to navigate. But other times, navigating it is easy. One of the easy times is when an opponent asks for a short extension. There's rarely a good reason to say "No." There are a few reasons that's true. First, you never know when you'll need courtesy from your opponent, and you're more likely to get it if you've offered it. Second, it helps the legal system because it eliminates the need for lawyers to run to judges with picayune scheduling matters. Third—and most importantly—human decency. Lawyers often have other commitments, professional and personal, that require a short extension. There's no reason not to accommodate that. Too often, lawyers use an opponent's request for an extension as an opportunity to exact some perceived advantage in the case. Doing so just makes the opposing counsel—and the judge overseeing their case—upset for no reason.

John Giordano filed his Complaint on December 2, 2024, and he served it on Defendants on December 6, 2024. That made any response to the Complaint due on December 27, 2024. Not surprisingly, both defense counsel asked for extensions to respond to the Complaint. Lawyers often request extensions to respond to a complaint so that they can look into the facts of the case, determine whether to answer or file a motion to dismiss, and prepare the appropriate filing. That happens throughout the year. And in this case, it's happening during the holiday season, when people (even lawyers) travel and focus their attention on family, not work.

On December 12, 2024, Counsel for Hedeker Law emailed Mr. Giordano's Counsel, seeking a 30-day extension to respond to the Complaint. Mr. Giordano's Counsel indicated that she would consent to the extension on the condition that Hedeker Law responded with an Answer, as opposed to a Motion. On December 13, 2024, Counsel for Mr. Hedeker and Hedeker Wealth sent a separate request to opposing Counsel via email to extend their response deadline and included a proposed stipulation along with his request. As of December 18, 2024, Mr. Giordano's counsel had not responded.

Mr. Giordano's counsel's conduct takes a page from the playbook of the Grinch or Ebenezer Scrooge. It seeks to gain a small tactical advantage in the case at the expense of opposing counsel's holiday celebration. To say I find it unacceptable doesn't really capture the taste it leaves in my mouth. The answer to the request should have been an immediate, unqualified, "Yes."

2

As an additional comment, I note how absurd Mr. Giordano's counsel's position is. Demanding that a lawyer agree to answer—rather than move to dismiss—isn't just unprofessional; it's also pointless. Any lawyer who understands the Federal Rules of Civil Procedure should know that she can answer the Complaint and then file a motion for judgment on the pleadings. And, at least from my perspective, if a lawyer filed such a motion and then laid out a history in which plaintiff's counsel conditioned an extension on answering rather than moving to dismiss, I would likely stay discovery to resolve the ensuing motion anyway. In that scenario, a plaintiff's lawyer would not have obtained any benefit, and he would have engendered ill will by refusing a reasonable extension.

Recently, Judge Proctor of the Northern District of Alabama confronted a similar situation. See McCullers v. Koch Foods of Alabama, LLC, No. 1:24-cv-01496-RDP, ECF No. 7 (N.D. Ala. Nov. 26, 2024). I share the sentiments that he expressed in that opinion. And the solution that Judge Proctor crafted is an elegant one that I will copy here. I will require the lawyers to have a meal together (soup is not a meal[1]), and I will require Plaintiff's counsel to pay. Defense counsel can leave the tip. And during their meal, the parties can discuss how they will act professionally in this case.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

December 23, 2024

---

[1] Seinfeld: The Soup (NBC Television Broadcast Nov. 10, 1994).